# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **3 C CATTLE COMPANY,** | : | |
| Appellant, | : | |
| v. | : | Civil Action No. 5:08-cv-115 (HL) |
| **WALTER W. KELLEY, TRUSTEE**, | : | **Bankruptcy Case No. 07-52547-jdw** |
| Appellee, | : | |

_____

## ORDER

Before the Court is the appeal of 3 C Cattle Company from a final judgment of the bankruptcy court. For the reasons set forth below, the judgment of the bankruptcy court is **AFFIRMED**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2007, 3 C Cattle Company, a Georgia partnership, filed a business petition for bankruptcy under Chapter 12. The petition was signed by Thomas Cotton, on behalf of 3 C Cattle. At the time of filing, 3 C identified four creditors. Contemporaneous with the filing of the petition for bankruptcy, 3 C requested that the case *not* be assigned to Judge James D. Walker and Trustee Walter W. Kelley. No argument in support of that request was contained within the request. Judge Walker and Walter Kelley were added to the case on October 18, 2007.

Shortly after the petition was filed, on October 19, 2007, the Clerk of the Bankruptcy Court notified 3 C that the petition was deficient in that it lacked the following required filings:

Schedules A-J, Summary of Schedules, and Statement of Financial Affairs. Three C was advised in the notice that failure to file the proper documents within 15 days of the date of the notice could result in the dismissal of the case. Three C filed the Summary of Schedules, the Statement of Financial Affairs, and Schedules A-J on November 5, 2007.

On October 22, 2007, 3 C filed a document styled "Emergency Application for Turnover," in which it sought, among other things, an order restraining the Jasper County Sheriff from selling its cattle and directing that the cattle be returned to 3 C. In support of its motion, 3 C attached several documents from a related case pending in the Superior Court of Jasper County, Georgia. The bankruptcy court held a hearing on the motion on October 22, 2007, and denied the motion. A written order was entered on October 25, 2007, in which the bankruptcy court concluded that the party seeking relief was not 3 C, but Thomas Cotton individually, and further concluded that the court did not have jurisdiction to act on an application for relief filed on Cotton's behalf. The court invited Cotton to file an individual Chapter 12 case, in order to pursue the relief sought by the motion.

Also on October 22, 2007, 3 C was directed to submit a debtor's verification of creditor matrix. As the name suggests, the debtor's verification of creditor matrix requires the debtor to verify that the listing of creditors is true to the best of the debtor's knowledge. On October 22, 2007, 3 C filed an amended list of creditors, but did not pay the required $26.00 amendment fee, or include a certificate of service showing service of the document on the creditors. The bankruptcy court issued a show cause order on November 13, 2007, directing that the fee be paid within 20 days and warning that the case would be dismissed if it were not paid. Three C paid the fee on December 3, 2007.

On November 9, 2007, 3 C filed a Motion to Recuse, seeking the recusal of both Judge

Walker and Trustee Kelley. No order was entered on the Motion to Recuse.

Despite 3 C's attempts, albeit reluctant, to comply with the bankruptcy court's directives, on December 13, 2007, the Trustee filed a Motion to Dismiss the case. As support for the Motion, the Trustee argued (1) that the members of 3 C, Mr. and Mrs. Thomas Cotton, were not lawyers and did not have the right to represent the partnership; (2) 3 C's schedules were incomplete; (3) 3 C failed to file monthly reports; (4) 3 C failed to provide the Trustee with proof of a debtor-in-possession bank account; and (5) 3 C failed to provide the Trustee with proof of insurance. The bankruptcy court held a hearing on the Motion to Dismiss on January 15, 2008, and granted the motion. A written order on the Motion was entered January 23, 2008, in which the bankruptcy court found cause to dismiss due to 3 C's failure to complete schedules, file monthly reports, provide proof of a debtor-in-possession bank account, and provide the trustee with proof of insurance. After a Motion to Clarify or Vacate the Order was denied, 3 C filed the Notice of Appeal at issue here.

## II.   STANDARD OF REVIEW

In reviewing an order of the bankruptcy court, findings of fact made by the bankruptcy court are not set aside unless clearly erroneous, with due regard given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Fed. R. Bankr. P. 8013. Conclusions of law reached by the bankruptcy court are reviewed de novo. In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990).

## III.   ISSUES ON APPEAL

In its appeal 3 C assigns error to the bankruptcy court eight ways: (1) failing to honor 3 C's request that his case not be assigned to Judge Walker and Trustee Kelley, (2) not holding a hearing on the motion to recuse, (3) denying the Emergency Application for

Turnover, (4) failing to grant the Motion for Temporary Restraining Order in the absence of an opposition pleading, (5) telling Mr. Cotton his filings would do no good, (6) allowing 3 C's mail to be tampered with, (7) allowing Sheila Fielding to violate the Consent Order and Automatic Stay, and (8) not directing the Trustee to protect the assets of 3 C. The Court will discuss briefly each of 3 C's assignments of error.

### A.   Failing to Honor 3 C's Request for Assignment.

When 3 C filed its petition, it also filed a document styled: Request for Assignment. In its entirety, this document reads: "Comes now, 3 C Cattle Co. and requests that this case <u>not</u> be assigned to Judge James D. Walker and Trustee Walter W. Kelley." That request was not honored, of course, because the case was immediately assigned to Judge Walker according to the random assignment system used by the bankruptcy court, and to Trustee Kelley, because he is the Chapter 12 Standing Trustee for the Middle District of Georgia.

When a petition is filed in the bankruptcy court, the court's case management system randomly assigns the case. The Clerk of Court has some authority to override the random assignment but such authority is not used to honor the request of a litigant to have a particular judge assigned, or not assigned, to a case. In other words, it would not have been appropriate for the Clerk, or Judge Walker, or anyone else, to have interfered in the assignment of the case based on 3 C's request at the time of the filing of the petition. Therefore, this assignment of error is without merit.

### B.   Failing to Hold a Hearing on the Motion to Recuse

Three C contends that the bankruptcy court erred by not setting down and holding a hearing on its Motion to Recuse. The statute which governs disqualification of bankruptcy judges is 28 U.S.C.A. § 455. That Code provision does not set forth a procedure for

4

determining whether a judge must disqualify himself from a particular case. It is appropriate for a judge to consider a motion for disqualification based on the documents submitted to the court. As one bankruptcy court has noted, "A motion for disqualification does not confer upon [a party] a right to make a record in open court nor does it confer upon them a right to an evidentiary hearing." In re Lieb, 112 B.R. 830, 835 (Bankr. W.D. Tex. 1990). A judge faced with a motion for disqualification must determine whether the claims asserted in the motion satisfy the criteria set forth at § 455.

Here, the bankruptcy court did not enter an order on 3 C's Motion to Recuse. This Court will presume, however, that because the bankruptcy court judge did not recuse himself, and did not refer the matter to another judge, the court must have concluded that the criteria in § 455 were not satisfied. While the better course would have been to enter a written order, the Court finds no error in the bankruptcy court's failure to do so.

Moreover, having reviewed the Motion to Recuse, the Court finds that 3 C failed to set forth grounds sufficient to require Judge Walker to disqualify himself from the case. The Motion, which is one page in length, says that recusal is appropriate because the bankruptcy judge and the trustee failed to stand up against Jasper County and Sheila Feilding. From review of the Motion it appears that it is based on 3 C's dissatisfaction with the handling of a different case that was before the bankruptcy court and Trustee Kelley.

Section 455 of Title 28 directs, in part, that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C.A. § 455(a) (West 1993), or "[w]here he has a personal bias or prejudice concerning a party." Id. § 455(b)(1). In interpreting § 455, the Eleventh Circuit has explained that "[d]isqualification under section 455(a) is required only when the alleged bias is personal in nature." Loranger

v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994).  As the Eleventh Circuit further noted, "[F]or a bias to be personal, and therefore disqualifying, it must stem from an extrajudicial source.  Thus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal." Loranger, 10 F.3d at 780 (quoting In re Corrugated Container Antitrust Litig., 614 F.2d 958, 964 (5th Cir. 1980)) (other citations and internal quotations omitted).  Similarly, "prior judicial exposure to [a party] or prior judicial rulings adverse to [a party] in the same or different cases" does not obligate a judge to recuse under § 455.  United States v. Eisenberg, 734 F. Supp. 1137, 1153 (D.N.J. 1990).

Three C's Motion stems from its dissatisfaction with the bankruptcy court's handling of other cases.  There is no showing of "an extra-judicial source" for the any bias which might require recusal.  Three C's displeasure with the bankruptcy court's prior rulings is not a valid ground for recusal.  Accordingly, 3 C failed to set forth grounds sufficient to require Judge Walker to disqualify himself from the case and this Court finds no error in Judge Walker's handling of the Motion.

    **C.**    **Not Granting the Motion for Turnover of Property**

When 3 C filed the Chapter 12 petition at issue here, Thomas Cotton and his wife Gloria were embroiled in a dispute with the Sheriff of Jasper County and other persons about certain cattle that were kept at Sheila Fielding Farm.  According to the Motion for Turnover of Property, on October 17, 2008, the Cottons were served with a Notice of Dispossessory and were forced to leave Sheila Fielding Farm and left behind cattle that belonged either to them or 3 C Ag Enterprises, LLC.  Three C filed the Motion for Turnover of Property in an effort to prevent the dispossessory and the loss of the cattle.

The bankruptcy court held a hearing on the motion.  In a written order entered after the

6

hearing, the bankruptcy court concluded that 3 C Cattle Company, the named debtor on the Chapter 12 petition, was not a family farmer as defined by 11 U.S.C. § 101(8) and, therefore, was not an entity entitled to relief under the Bankruptcy Code.  The bankruptcy court declined to treat the petition as having been filed by Mr. Cotton individually, but gave him twenty days to amend the petition to identify a proper debtor.  In the absence of a proper debtor, the bankruptcy court found it had no jurisdiction to grant the relief requested by the Motion for Turnover of Property and thus denied the Motion.

Although 3 C assigns error to the denial of the Motion, it fails to provide the Court with any citation to the record in this case that would support its contention.  3 C has attached a brief that it filed in a different bankruptcy case, in which it argued that Thomas Cotton had the right to proceed to protect his personal interests in the cattle.  However, this was not before the bankruptcy court when it ruled on the Motion for Turnover of Property, and, if anything, it supports the view of the bankruptcy court that 3 C was not the proper entity to bring the petition.  Documents attached to the record also suggest that 3 C is not the proper entity to bring the petition.  In a letter to the Sheriff dated October 18, 2007, and attached to the Motion, Cotton states: "This is to give you actual notice that these cows are a family herd and no amount of money can replace them and these cattle are not owned by Three C Ag Enterprises."  Thus, the record supports the bankruptcy court's conclusion that 3 C was not the proper debtor and, having so concluded, the bankruptcy court did not err in finding that it was without jurisdiction to grant the relief requested by the Motion.

> D. **Failing to Grant the Motion for Turnover of Property in the Absence of a Response Brief**

Three C apparently contends the bankruptcy court should have granted the Motion for

Turnover of Property, which the court treated as a Motion for Temporary Restraining Order, because no response to the Motion was filed. The Court finds no merit in this contention.

It is well-established that the absence of a response to a motion does not guarantee that the relief sought by the motion will be granted. The moving party on a motion always bears the initial burden of establishing the right to the relief sought. Here, the bankruptcy court was obliged to satisfy itself that it had jurisdiction to consider the matter raised in the Motion. The bankruptcy court concluded that it had no jurisdiction to provide the relief requested. The Court finds no error in the bankruptcy court's conclusion or its failure to grant the Motion.

### E.     Statements Attributed to the Bankruptcy Court

Three C has framed its fifth enumeration of error as follows: "when the Trial Judge stated to Appellant, 'You can keep coming back as many time[s] as you want to, it won't do you any good.' T., pg. 11, 1.19." Review of the transcript reveals that 3 C has misstated what was actually said at the hearing and that what the bankruptcy judge said, was this:

> I'm going to dismiss the case and you-all can keep coming back if you want to but I've got to tell you, there was a time when I was trying to be sympathetic and work with you and try to figure out what we could do to help you, understanding that you didn't have a lawyer and such as that, but I've now – it's now been demonstrated to me that your intention to actually comply with the law and effect a good faith reorganization under the bankruptcy laws is completely absent from – certainly from this proceeding and there hasn't been much evidence of it in prior proceedings except for very specific narrow objectives you had that had to do with your own preservation of property. And I've seen no evidence of any intent to provide a meaningful participation in a reorganization case.

(Tr. of Jan. 15, 2008, Case No. 07-52547-jdw, pp. 11-12.) Review of the transcript reveals that the bankruptcy judge was clearly frustrated with the behavior of Mr. and Mrs. Cotton. But frustration does not equate with error or even prejudice. The Court has reviewed the entire

8

transcript of the January 15, 2008, hearing as well as the record in the bankruptcy court and finds no reversible error.

### F. Tampering With Mail and Orders

In this enumeration of error, 3 C alleges that "mail has been tampered with and Orders, Pleadings, etc. have been held and sent after the time had expired (or not sent at all) to respond and all other parties were notified electronically, immediately." (Br. at 4.) As to this claim, 3 C has offered no evidence to support its allegations, nor has it made any showing of prejudice arising from any misdirected mail. Accordingly, the Court finds no error as to this challenge.

### G. Allowing Sheila Fielding to Violate the Automatic Stay

Three C claims the bankruptcy court erred "by allowing Sheila Fielding, et al. to violate the Consent Order and Automatic Stay of the U.S. Bankruptcy Court." (Br. at 3.) As to this claim of error, 3 C has failed to direct the Court to any motions and orders filed in this case directed to the question of the automatic stay and any violation of the stay. Three C's pleadings make reference to violations of the automatic stay in *other* bankruptcy proceedings, but not in this one. In the absence of a more compelling showing with respect to the events of this case, this argument must fail.

### H. Not Directing the Trustee to Protect the Assets of the Debtor

Three C vaguely alleges that the bankruptcy court erred "by not directing the Trustee to protect the assets of the Debtor." (Br. at 3.) As with its arguments regarding the automatic stay, however, 3 C has failed to direct the Court to any motions and orders filed in this case directed to the question of the automatic stay. Three C offers substantial commentary about

9

the Trustee's failures in other cases, but those cases are not before the Court in this appeal. Three C does say that, as with its previous cases, "there was no protection and the case was dismissed." (Br. at 4.) However, this case was dismissed due to 3 C's failure to complete the proper documentation in the bankruptcy court. Thus, any opportunities the Trustee and the bankruptcy court might have had to protect 3 C's assets were cut short by 3 C's unwillingness to comply with the directives of the bankruptcy court. As a result, 3 C's arguments as to any failures by the bankruptcy court with regard to its directions to the Trustee are without merit.

## IV.   CONCLUSION

The Court has carefully considered the record and relevant case law and finds no error in the decisions of the bankruptcy court. Accordingly, the judgment of the bankruptcy court is hereby **AFFIRMED**.

**SO ORDERED**, this the 27th day of March, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**